UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEW YORK SMSA LIMITED
PARTNERSHIP d/b/a VERIZON WIRELESS,
et al.,

                      Plaintiffs,

    -against-

THE TOWN OF CARMEL, et al.,

                      Defendants.

**MEMORANDUM OPINION AND ORDER**

19-CV-10793 (PMH)

PHILIP M. HALPERN, United States District Judge:

New York SMSA Limited Partnership d/b/a Verizon Wireless and Homeland Towers, LLC (together, "Plaintiffs") commenced this action on November 21, 2019 against the Town of Carmel, the Town of Carmel Town Board, the Town of Carmel Planning Board, the Town of Carmel Zoning Board of Appeals, the Town of Carmel Environmental Conservation Board, and Michael Carnazza, the Town of Carmel Building Inspector (collectively, "Defendants"). (Doc. 1). On February 14, 2020, Plaintiffs filed an Amended Complaint seeking, *inter alia*, a Judgment and Order finding that Defendants' denial of Plaintiffs' requests to install and maintain two public utility wireless telecommunications facilities in the Town of Carmel violated Plaintiffs' rights under the Telecommunications Act of 1996, 47 U.S.C. §§ 332(c) and 253(a), and directing Defendants to immediately issue any and all local approvals necessary for Plaintiffs to install and operate the facilities. (Doc. 16).

On May 20, 2020, the Court "so-ordered" a Stipulation of Settlement and Consent Order whereby the parties resolved this litigation and provided for the construction of the facilities (the "Consent Order"). (Doc. 25). On May 26, 2020, Plaintiffs voluntarily dismissed this action under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (Doc. 26). This case has been closed since then.

On October 14, 2020, Jessica Gondolfo, Robert Cavallaro, Todd McCormack, Edward Wechsler, Joseph Armisto, and Gerard Hanrahan ("Movants"), residents of the Town of Carmel, commenced a hybrid Article 78/declaratory judgment proceeding in the Supreme Court of the State of New York, County of Putnam, under Index Number 501385/2020, seeking, *inter alia*, an order from that courtvacating the Consent Order and declaring it invalid and void (the "State Court Proceeding"). (*See* Doc. 27-3). On October 23, 2020, Movants moved in the State Court Proceeding for a preliminary injunction and temporary restraining order to, *inter alia*, enjoin and restrain Plaintiffs from taking any action in furtherance of the construction of the facilities. (Doc. 39-1). On March 2, 2021, following removal of the State Court Proceeding to Federal Court and the subsequent remand thereof,[1] the State Court signed the order to show cause and granted Movants the requested temporary restraining order pending determination of their motion for a preliminary injunction. (*Id.*). In addition to Movants' preliminary injunction motion, Plaintiffs filed a motion to dismiss the State Court Proceeding (the "State Court Motions"). (*Id.*).

While the parties were briefing the State Court Motions, on May 20, 2021 Movants filed, in this closed case, a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) (Doc. 27), supported by an attorney's affirmation (Doc. 27-1) together with exhibits (Doc. 27-2—Doc. 27-4), and a memorandum of law in support (Doc. 27-5, "Mov. Br."). Plaintiffs opposed Movants' motion on June 17, 2021 and also filed a "cross-motion for declaratory judgment." (Doc. 30; Doc. 31; Doc. 32; Doc. 33, "Pl. Opp."; Doc. 34).[2] On July 8, 2021, Movants filed a reply memorandum of law in further support of their motion and in opposition to Plaintiffs'

---

[1] The State Court Action was removed to Federal Court under Docket Number 20-CV-09060 and was remanded to State Court by Judge Seibel on February 8, 2021. *See Gondolfo v. Town of Carmel*, No. 20-CV-09060, 2021 WL 431148 (S.D.N.Y. Feb. 8, 2021).

[2] Plaintiffs' opposition brief (Doc. 30) and its brief in support of its cross-motion (Doc. 33) are identical.

2

cross-motion. (Doc. 37, "Mov. Reply"). The motions were fully briefed on July 22, 2021 with the filing of Plaintiffs' reply memorandum of law in further support of their cross-motion. (Doc. 38).

On July 22, 2021, Plaintiffs moved the State Court for a stay of the State Court Proceedings, including the State Court Motions, pending the hearing and determination of the subject motions in this Court. (Doc. 39-1). On September 15, 2021, the State Court issued a Decision and Order staying the State Court Proceeding, *inter alia*, to avoid the risk of inconsistent adjudications. (Doc. 39-1).

For the reasons set forth below, Movants' motion for relief from judgment is DENIED and Plaintiffs' cross-motion for declaratory judgment is DENIED.

## STANDARD OF REVIEW

I. <u>Relief From Judgment Under Federal Rule of Civil Procedure 60(b)</u>

Federal Rule of Civil Procedure 60(b) provides six situations wherein a court may, "[o]n motion and just terms . . . relieve a party or its legal representative from a final judgment, order, or proceeding. . . ." Such relief is permissible where the movant establishes:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6).

"A 'so-ordered' stipulation of settlement, such as the [Consent Order] at issue here, is a final judgment." *Molnlycke Health Care US, LLC v. Purdy*, No. 20-CV-03755, 2021 WL 4464952,

at *2 n.2 (S.D.N.Y. Sept. 9, 2021) (citing *Stone v. Fisher*, No. 20-CV-01818, 2020 WL 2765107, at *1 (S.D.N.Y. May 28, 2020) ("[T]he so-ordered Stipulation of Settlement itself 'disposed' of the case, thus operating as a final judgment and barring re-litigation of any claims arising out of the same transactions as a matter of res judicata.")), *adopted by* 2021 WL 4120742 (S.D.N.Y. Sept. 9, 2021). Although the rule contemplates such relief for parties to an action, "[n]onparties may invoke Rule 60(b) in 'extraordinary circumstances' where they have 'interests on which the outcome of the proceedings had significant consequences . . . , yet those interests had not been adequately represented during litigation, because of the peculiar structure of [the] case.'" *Gondolfo v. Town of Carmel*, No. 20-CV-09060, 2021 WL 431148, at *5 n.5 (S.D.N.Y. Feb. 8, 2021) (quoting *Federman v. Artzt*, 339 F. App'x 31, 34 (2d Cir. 2009)).

A movant seeking vacatur under Rule 60(b) "must present 'highly convincing' evidence, 'show good cause for the failure to act sooner,' and show that 'no undue hardship [would] be imposed on other parties.'" *Axar Master Fund, Ltd. v. Bedford*, 806 F. App'x 35, 40 (2d Cir. 2020) (quoting *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987) (alteration in original)); *see also Stern v. Highland Lake Homeowners*, No. 18-CV-04622, 2021 WL 1164718, at *4 (S.D.N.Y. Mar. 26, 2021) (noting that "a court should only grant such a request when, without such relief, extreme hardship would result" (internal quotation marks omitted)).

"All Rule 60(b) motions must "be made within a reasonable time," Fed. R. Civ. P. 60(b) . . . , and motions under Rule 60(b)(1), (2) and (3) must be made within one year after the judgment." *Kotlicky*, 817 F.2d at 9 (citing *United States v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977)). Rule 60(b) motions are "addressed to the sound discretion of the district court," and are generally "disfavored." *Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 131 (2d Cir. 2010) (explaining that "[r]elief under Rule 60(b) is generally not favored and . . . granted only upon . . .

4

exceptional circumstances" (internal quotation marks omitted)); *Watts-Devine v. United States*, 616 F. App'x 9, 10 (2d Cir. 2015) ("The decision whether to grant a party's Rule 60(b) motion is committed to the 'sound discretion' of the district court. . . ." (quoting *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (alteration in original))).

II. <u>Declaratory Judgment Under Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2202</u>

The Declaratory Judgment Act provides that:

> [i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. . . . Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.

28 U.S.C. §§ 2201, 2202. The Declaratory Judgment Act "is procedural only, and does not create an independent cause of action." *Carr v. DeVos*, 369 F. Supp. 3d 554, 563 (S.D.N.Y. 2019) (quoting *Chevron Corp. v. Naranjo*, 667 F.3d 232, 244 (2d Cir. 2012)).

Federal Rule of Civil Procedure 57 permits a litigant to bring an action seeking a declaratory judgment. "An action for a declaratory judgment is 'an ordinary civil action.'" *Int'l Bhd. of Teamsters v. E. Conf. of Teamsters*, 160 F.R.D. 452, 455-56 (S.D.N.Y. 1995) (quoting 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2768 (1983)). Rule 57 specifically references the Federal Rules of Civil Procedure. Thus, it contemplates that an action for a declaratory judgment is a civil action subject to the Federal Rules. *Id*. at 456.

"However, '[b]ecause an action for declaratory judgment is an ordinary civil action, a party may not make a motion for declaratory relief, but rather, the party must bring an action for a declaratory judgment.'" *Hernandez v. Off. of Comm'r of Baseball*, No. 18-CV-09035, 2019 WL

5593056, at *1 (S.D.N.Y. Oct. 30, 2019) (quoting *Int'l Bhd. of Teamsters*, 160 F.R.D. at 456).

## ANALYSIS

I. <u>Motion for Relief from the Consent Order</u>

Movants move under subsections (1), (3), (4), and (6) of Federal Rule of Civil Procedure 60(b) to vacate the Consent Order, arguing that it "was issued in mistake, by surprise, due to a misrepresentation, is void, and is otherwise improper." (Mov. Br. at 1; *see generally id.*). Plaintiffs contend that the motion was not made within a reasonable time, will cause undue hardship, and does not provide "highly convincing" evidence to warrant the relief sought. (Pl. Opp. at 4-17). Because the Court agrees that the motion was not timely made, Movants' motion must be denied.

Movants contend that the motion is timely because, *inter alia*, they brought it one year to the day of the date of entry of the Consent Order, they were not parties to this action so it is unclear when they even learned of the entry of the Consent Order, they had sought relief from State Court via a different procedural mechanism in October 2020, and "[s]hould Movants prevail on this Motion or their [State Court Proceeding], the end result would be the same for Plaintiffs." (Mov. Reply at 2). Movants emphasize that they filed this motion "simply to preserve their rights while the primary litigation in state court proceeds." (*Id.*).

Although Movants did, indeed, file the motion exactly one year to the date of the entry of the Consent Order, that fact does not necessarily render it having been "made within a reasonable time" under Rule 60. *Cirami*, 563 F.2d at 32 ("What is a 'reasonable time' is a question to be answered in light of all the circumstances of the case."). There can be no doubt that Movants were well-aware of the entry of the Consent Order by October 14, 2020 when they commenced the State Court Proceeding. They chose to pursue relief in State Court and waited seven months

6

after they were indisputably aware of the Consent Order prior to moving in this Court. Courts typically require "that a party show good cause for the failure to act sooner," *Kotlicky*, 817 F.2d at 9. Movants have not made such a showing. Rather, as expressly indicated in their papers on this motion, they moved in this Court simply as a strategic maneuver "to preserve their rights while the primary litigation in state court proceeds." (Mov. Reply at 2).

Deliberate litigation strategy does not provide a basis for a finding of good cause for the failure to act sooner. *Socialist Republic of Romania v. Wildenstein & Co. Inc.*, 147 F.R.D. 62, 65 (S.D.N.Y. 1993) ("Rule 60(b) will not afford plaintiff relief from the consequences of its litigation strategy."). Indeed, "courts will deny relief where 'the movant made a fair and deliberate choice at some earlier time not to move for relief.'" *Boehner v. Heise*, No. 03-CV-05453, 2009 WL 1360975, at *4 (S.D.N.Y. May 14, 2009) (citing 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2864 (1995)). Movants made a strategic choice to file this motion in this forum after the State Court Proceeding was already pending for seven months. Movants had already obtained a temporary restraining order and were briefing two motions in the State Court Proceeding before filing their motion in this Court. Because, as Movants contend, the "end result" in either the State Court Proceeding or on this motion is the same (Mov. Reply at 2), Movants can continue to pursue the relief they are seeking by resuming the State Court Proceeding and litigating their case there (*see* Doc. 39-1 at 8 ("If, however, [Movants'] motion is denied, the stay will be lifted and the matter will proceed to a speedy determination on the merits by this Court.")). The motion therefore must be denied as untimely.

II.   Cross-Motion for Declaratory Judgment

Plaintiffs cross-move for a declaratory judgment, contending that this Court has the power to declare that the Consent Order and the resulting permits are legally valid, thus settling the legal issues raised in the State Court Action and removing the purported uncertainty that has befallen Plaintiffs and Defendants with regard to construction of the facilities. (Pl. Opp. at 23). Plaintiffs, however, do not offer any substantive argument to support the procedural propriety of their motion.

"Because an action for declaratory judgment is an ordinary civil action, a party may not make a motion for declaratory relief, but rather, the party must bring an action for a declaratory judgment." *Int'l Bhd. of Teamsters*, 160 F.R.D. at 456; *see also Hernandez*, 2019 WL 5593056, at *1. A motion for declaratory judgment is inconsistent with the Federal Rules of Civil Procedure and is particularly inappropriate in a closed case where no claim for relief exists upon which to move for such relief. *See Int'l Bhd. of Teamsters*, 160 F.R.D. at 456; *see also Massone v. U.S. Dep't of Just.*, No. 18-CV-04908, 2020 WL 3000416, at *7 (S.D.N.Y. June 4, 2020) (dismissing declaratory judgment claim where "[p]laintiff has failed to state a viable underlying claim"); *Tallon v. Main*, No. 18-CV-00904, 2018 WL 5904448, at *2 (N.D.N.Y. Nov. 9, 2018) (motion denied when filed in closed case); *United States v. Timmons Corp.*, No. 03-CV-00951, 2017 WL 11237145, at *6 (N.D.N.Y. Sept. 20, 2017). Accordingly, Plaintiffs' cross-motion for declaratory judgment is denied.

## CONCLUSION

Based upon the foregoing, Movants' motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) is DENIED. Plaintiffs' cross-motion for declaratory judgment is DENIED. Plaintiffs' request for oral argument is, accordingly, DENIED as unnecessary.

The Clerk of the Court is respectfully directed to terminate the motion sequences pending at Doc. 27 and Doc. 32.

**SO ORDERED:**

Dated:   White Plains, New York
         March 1, 2022

_____
PHILIP M. HALPERN
United States District Judge