## LAW OFFICES OF
## SNYDER & SNYDER, LLP
94 WHITE PLAINS ROAD
TARRYTOWN, NEW YORK 10591
(914) 333-0700
FAX (914) 333-0743

WRITER'S E-MAIL ADDRESS

Rgaudioso@Snyderlaw.net

NEW YORK OFFICE
445 PARK AVENUE, 9TH FLOOR
NEW YORK, NEW YORK 10022
(212) 749-1448
FAX (212) 932-2693

LESLIE J. SNYDER
ROBERT D. GAUDIOSO
DOUGLAS W. WARDEN
JORDAN M. FRY

DAVID L. SNYDER
(1956-2012)

NEW JERSEY OFFICE
ONE GATEWAY CENTER, SUITE 2600
NEWARK, NEW JERSEY 07102
(973) 824-9772
FAX (973) 824-9774

REPLY TO:

Tarrytown

October 4, 2022

**Via ECF**

The Honorable Philip M. Halpern
United States District Judge
Southern District of New York
Federal Building and Courthouse
300 Quarropas Street, Room 530
White Plains, NY 10601

      RE:   *New York SMSA Limited Partnership d/b/a Verizon Wireless, et al. v. The Town of Carmel, et al.*, 7:19-cv-10793 (PMH) (JCM)

Dear Judge Halpern:

      We represent plaintiffs New York SMSA Limited Partnership d/b/a Verizon Wireless and Homeland Towers, LLC (collectively, "Plaintiffs") in the above-referenced action and write this letter, pursuant to Rule 2(D) of Your Honor's Individual Practices, in response to the pre-motion conference letter submitted by non-parties Jessica Gondolfo, Robert Cavallaro, Todd McCormack, Edward Wechsler, Joseph Armisto, and Gerard Hanrahan (the "Proposed Intervenors"). Docket Entry ("D.E.") 45. In essence, the instant motion is the Proposed Intervenors' latest attempt to seek relief from the Consent Order, so-ordered by Your Honor on May 20, 2020 (D.E. 25). Plaintiffs intend to oppose the anticipated motion to intervene for the reasons described below and because the motion: (1) is nothing more than an attempt to side skirt Your Honor's previous denial of the Proposed Intervenors' request for relief from the Consent Order (D.E. 40); and (2) is moot, as the Proposed Intervenors informed the Court that they would not oppose Plaintiffs' request for relief from the Consent Order (D.E. 42) and the Court directed the parties during the October 3, 2022 conference to take the necessary steps to effectuate the same.[1]

### The Proposed Intervenors Lack Standing to Intervene by Right

      As a threshold matter, any non-party seeking to intervene as of right must have Article III standing. *Town of Chester, N.Y. v Laroe Estates, Inc.*, 137 S.Ct. 1645, 1651 (2017) ("an intervenor of right must have Article III standing in order to pursue relief that is different from that which is

---

[1] Plaintiffs reserve the right to assert additional grounds if the Court determines that a pre-motion conference and/or complete briefing on the Proposed Intervenors' motion is necessary.

sought by a party with standing"); *Sierra Club v Entergy Arkansas LLC*, 503 F Supp 3d 821, 849-50 (E.D. Ark 2020) ("all intervenors" even those "wish[ing] to intervene on the side of the defendants . . . must have standing"). The Proposed Intervenors contend that the issue of standing was already litigated and decided in the state court action; however, Judge Davis held only that the Proposed Intervenors had standing because they had sustained a concrete injury as a result of the parties' non-compliance with the Town Zoning Code — not providing notice of site plan and zoning variance applications prior to the issuance of permits for the Glenacom Facility.

Judge Davis' decision regarding the Proposed Intervenors' standing does not extend to the instant matter where Plaintiffs are seeking to modify the Consent Order, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, in a way that requires Plaintiffs to submit all required paperwork and requires Defendants to perform all reviews required under the Town Zoning Code. In other words, the Proposed Intervenors lack standing because they cannot, and in fact do not even attempt to, allege a concrete harm by Plaintiffs' proposed relief—an amended Order requiring the parties' compliance with the Town Zoning Code.[2]

## The Proposed Intervenors Are Not Entitled to Intervene by Right

Rule 24(a)(2) of the Federal Rule of Civil Procedure allows for intervention as of right only when all four of the following requirements are met:

> (1) The motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties.

*MasterCard Int'l, Inc. v. Visa Int'l Serv. Ass'n,* 471 F.3d 377, 389 (2d Cir. 2006). "Intervention will be denied if any requirement is not met." *Great Atl. & Pac. Tea Co., Inc. v. Town of E. Hampton,* 178 F.R.D. 39, 42 (E.D.N.Y. 1998) (citing *Washington Elec. Coop., Inc. v. Massachusetts Mun. Wholesale Elec. Co.,* 922 F.2d 92, 96 (2d Cir. 1990)). At a minimum, the Proposed Intervenors cannot satisfy the fourth element.

The Proposed Intervenors contend that "none of the existing parties will adequately represent the[ir] individual interests[;]" however, contrary to Proposed Intervenors' contention, Defendants' and the Proposed Intervenors' interests are aligned in that they both want to ensure that Plaintiffs submit all necessary paperwork for the construction of the proposed Glenacom Facility and that all reviews required by the Town Zoning Code are performed for the same, which is the relief requested by Plaintiffs. D.E. 41, p. 3 (i.e., an Order requiring that the Town, ZBA, and Planning Board perform all necessary reviews as required under the Town Zoning Code). While the Defendants do not intend to oppose the motion, they are not precluded from opposing

---

[2] As stated above, the Proposed Intervenors already represented to the Court that they "would not oppose Plaintiffs' alternative request for relief from the Consent Order[,]" which not only emphasizes the fact that Proposed Intervenors lack standing because Proposed Intervenors will not sustain any concrete harm by the relief now sought by Plaintiffs, but also that the Proposed Intervenors motion to intervene has been rendered moot by the Court's October 3, 2022 directives to the parties.

Plaintiffs' anticipated motion if Defendants determine that such action is necessary.  Accordingly, the Proposed Intervenors' purported interest in this action is already being adequately represented by the Defendants and the Proposed Intervenors are not entitled to intervene in this action.

**The Court Should Not Grant Permissive Intervention in this Instance**

Rule 24(b)(1)(B) provides that a court may permit intervention when a movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). However, a motion for permissive intervention may be properly denied where the intervention will unduly delay or prejudice the adjudication of the parties' rights. Fed. R. Civ. P. 24(b)(3); *NAACP v. New York*, 413 U.S. 345, 365 (1973); *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 73-74 (2d Cir. 1994).

As set forth above, Defendants' interests are aligned with the Proposed Intervenors' interests in this action, which arises out of Defendants' denial of Plaintiffs' request to install and maintain public utility wireless telecommunications facilities in the Town in violation of the Telecommunications Act of 1996 ("TCA"), and as such, "must be heard and decided "on an expedited basis." *New York SMSA Ltd. P'ship v. Vill. of Nelsonville*, No. 18-CV-05932, 2019 WL 1877335, at *2 (S.D.N.Y. Apr. 26, 2019) (quoting 47 U.S.C. § 332(c)(7)(B)(v)); *New York SMSA Ltd. P'ship v. Town of Philipstown*, No. 18-CV-01534, 2018 WL 6619737, at *2 (S.D.N.Y. Dec. 18, 2018).  "Permitting intervention would unduly delay and prejudice the adjudication of the original parties' rights" because "[a]llowing [Proposed Intervenors,] individuals who are concerned with their individual desires rather than the interests of the Town as a whole[,] would delay resolution of the issues presented in this case." *New York SMSA Ltd. Partnership v. Town of Bedford*, 21-CV-03742 (PMH), 2022 WL 718641, at *3 (S.D.N.Y. Mar. 10, 2022) (citing *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179 (2d Cir. 2001) (holding that "competing interests might lead to a litigation impasse").  Accordingly, the Court should not grant permissive intervention in this instance.

**Conclusion**

For the reasons stated above, Plaintiffs respectfully request that the Court deny the Proposed Intervenors motion to intervene because: (1) the Proposed Intervenors lack standing to intervene; (2) the Proposed Intervenors' purported interest is adequately represented by the Town; (3) the Proposed Intervenors' intervention would prejudice the parties and unduly delay a case that is entitled to expedited review under 47 U.S.C. § 332(c)(7)(B)(v); and (4) the Proposed Intervenors' motion to intervene has been rendered moot by the Court's October 3, 2022 directives. .

                                                   Respectfully submitted,

                                                   */s/ Robert D. Gaudioso*
                                                   Robert D. Gaudioso

cc:  All counsel of record (via ECF)