UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEW YORK SMSA LIMITED
PARTNERSHIP d/b/a VERIZON WIRELESS,
et al.,

                       Plaintiffs,

   -against-

THE TOWN OF CARMEL, et al.,

                      Defendants.

**ORDER**

19-CV-10793 (PMH)

PHILIP M. HALPERN, United States District Judge:

      New York SMSA Limited Partnership d/b/a Verizon Wireless and Homeland Towers, LLC (together, "Plaintiffs") commenced this action under the Telecommunications Act of 1996, 47 U.S.C. §§ 332(c) and 253(a) against the Town of Carmel (the "Town"), the Town of Carmel Town Board, the Town of Carmel Planning Board (the "Planning Board"), the Town of Carmel Zoning Board of Appeals (the "ZBA"), the Town of Carmel Environmental Conservation Board, and Michael Carnazza, the Town of Carmel Building Inspector (collectively, "Defendants") seeking, *inter alia*, a Judgment and Order directing Defendants to immediately issue any and all local approvals necessary for Plaintiffs to install and operate two public utility wireless telecommunications facilities in the Town of Carmel. On May 20, 2020, the Court "so-ordered" a Stipulation of Settlement and Consent Order whereby the parties resolved this litigation and provided for the construction of a facility at Dixon Road (the "Dixon Facility") and Walton Drive (the "Glenacom Facility") (the "Consent Order"). (Doc. 25). On May 26, 2020, Plaintiffs voluntarily dismissed this action under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (Doc. 26). This case has been closed since then.

      On October 14, 2020, Jessica Gondolfo, Robert Cavallaro, Todd McCormack, Edward

Wechsler, Joseph Armisto, and Gerard Hanrahan (the "Proposed Intervenors"), residents of the Town of Carmel, commenced a hybrid Article 78/declaratory judgment proceeding in the Supreme Court of the State of New York, County of Putnam, under Index Number 501385/2020, seeking, *inter alia*, an order from that court vacating the Consent Order and declaring it invalid and void (the "State Court Proceeding"). (*See* Doc. 27-3). On October 23, 2020, Proposed Intervenors moved in the State Court Proceeding for a preliminary injunction and temporary restraining order to, *inter alia*, enjoin and restrain Plaintiffs from taking any action in furtherance of the construction of the facilities. (Doc. 39-1).[1]

On June 24, 2022, the State Court entered a Decision and Order granting Plaintiffs' cross-motion in part, and granting the Proposed Intervenors' motion in part: (1) holding that the Town did not have the authority to agree to the terms in the Consent Order; (2) annulling and vacating the building permit and any other approvals issued for the Glenacom Facility; (3) ordering that Plaintiffs cease all construction of the Glenacom Facility; and (4) ordering the Town, the ZBA, and the Planning Board to perform all necessary reviews of the Glenacom Facility as required under the Town Code. (Doc. 41-1).

On September 8, 2022, in light of the Decision and Order in the State Court Proceeding, Plaintiffs and Defendants filed a joint letter-motion seeking to enforce the Consent Order against the Defendants, or in the alternative, for relief from the Consent Order under Rule 60(b). (Doc. 41). Proposed Intervenors filed a letter that same day advising, *inter alia*, that they "would not oppose Plaintiffs' alternative request for relief from the Consent Order." (Doc. 42). On September

---

[1] While the parties were briefing the State Court Motions, the Proposed Intervenors filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) in this action, seeking vacatur of the Consent Order. That motion was denied by Memorandum Opinion and Order. *See New York SMSA Ltd. P'ship v. Town of Carmel*, No. 19-CV-10793, 2022 WL 624428 (S.D.N.Y. Mar. 1, 2022).

2

27, 2022, Proposed Intervenors filed a letter-motion in connection with their proposed motion to intervene under Federal Rules of Civil Procedure 24(a)(2) and 24(b)(2)(b). (Doc. 45). On October 3, 2022, the Court held a pre-motion conference on the parties' joint letter-motion concerning the Consent Order. (*See* Oct. 3, 2022 Min. Entry). After hearing from the parties, the Court determined that, in light of the State Court's Decision and Order, certain terms of the Consent Order placed Defendants in an untenable position—Defendants could not possibly comply with both the Consent Order and the Decision and Order simultaneously. The Court held, therefore, that such terms of the Consent Order were no longer equitable and the parties' joint application should be granted under Rule 60(b)(5). The Court directed the parties to meet and confer and prepare an amendment to the Consent Order or a new consent order reflecting the modifications discussed at the conference.

Plaintiffs filed opposition to the Proposed Intervenors' letter-motion for intervention on October 4, 2022 (Doc. 47), and, with the Court's permission, Proposed Intervenors filed reply on October 13, 2022 (Doc. 49). Having thoroughly considered Proposed Intervenors' submissions and Plaintiff's response thereto, the Court is exercising its discretion to deem Proposed Intervenors' letter-motion (Doc. 42) as the motion to intervene and hereby DENIES the motion.[2]

---

[2] As set forth in Rule 2.C of the Court's Individual Practices and as noted in the Court's October 6, 2022 order, the Court reserves the discretion to construe pre-motion letters as the motion itself. This procedure has been upheld by the Second Circuit under appropriate circumstances. *In re Best Payphones, Inc.*, 450 F. App'x 8, 15 (2d Cir. 2011); *see also Brown v. New York*, 2022 WL 221343, at *2 (2d Cir. Jan. 26, 2022). The exercise of such discretion is rendered more appropriate by the Individual Rule and October 6th order, which put the parties and Proposed Intervenors on notice of this possibility.

**STANDARD OF REVIEW**

I. <u>Intervention as of Right</u>

Intervention as of right is governed by Rule 24(a), which requires a putative intervenor to establish that:

> (1) the motion is timely; (2) [it] asserts an interest relating to the property or transaction that is the subject of the action; (3) [it] is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede [its] ability to protect its interest; and (4) [its] interest is not adequately represented by the other parties.

*CWCapital Cobalt Vr Ltd. v. U.S. Bank Nat'l Ass'n*, 790 F. App'x 260, 262 (2d Cir. 2019) (citing *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n*, 471 F.3d 377, 389 (2d Cir. 2006)). "Failure to satisfy any one of these requirements is a sufficient ground to deny the application." *New York SMSA Ltd. P'ship v. Vill. of Nelsonville*, No. 18-CV-05932, 2019 WL 1877335, at *1 (S.D.N.Y. Apr. 26, 2019) (quoting *United States v. City of New York*, 198 F.3d 360, 364 (2d Cir. 1999)).

Plaintiffs argue, *inter alia*, that the Proposed Intervenors have not established the fourth requirement in that they fail to show they have an interest that Defendants will not adequately protect. The Court agrees.

"Generally, the adequate protection requirement imposes only a minimal burden on the proposed intervenor." *Vill. of Nelsonville*, 2019 WL 1877335, at *2 (quotation marks omitted). "However, when a proposed intervenor and a current party share 'an identity of interest'—for instance, when they 'make the same arguments and have the same objective'—the proposed intervenor 'must rebut the presumption of adequate representation by the party already in the action.'" *Id*. (quoting *Verizon N.Y. Inc. v. Jewish People for Betterment of Westhampton Beach*, 556 F. App'x 50, 52 (2d Cir. 2014)). "To do so, the proposed intervenor may offer 'evidence of collusion, adversity of interest, nonfeasance, or incompetence' by the named party sharing the

4

same interest." *Id*. (quoting *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 180 (2d Cir. 2001)).

The Proposed Intervenors argue that Defendants, by not opposing Plaintiff's request to enforce the Consent Order as regards the Glenacom Facility, fail to adequately protect their interests. They contend that because the parties sought to enforce the terms of the Consent Order which provided for "the unreviewed approval process" of the Glenacom Facility in contravention of the State Court Decision and Order, there is no party to this litigation that will defend Proposed Intervenors' rights. (Doc. 45 at 2; Doc. 49 at 1-2). The Proposed Intervenors do not argue that any Defendant has participated in collusion, exhibited nonfeasance, or acted with incompetence.

That the parties settled this lawsuit almost two and half years ago on terms of which the Proposed Intervenors do not approve, does not render Defendants' and Proposed Intervenors' interests adverse. *New York SMSA Ltd. P'ship v. Town of Philipstown*, No. 18-CV-01534, 2018 WL 6619737, at *2 (S.D.N.Y. Dec. 18, 2018) ("[T]hat the Town may settle the case on terms of which the proposed intervenors do not approve. . . . does not alone render the Town's and the proposed intervenors' interests adverse."); *see also United States v. Yonkers Bd. of Educ.*, 902 F.2d 213, 218 (2d Cir. 1990) (proposed intervenors' disagreement with party over trial strategy does not support intervention as of right). The Proposed Intervenors' stated interest in this closed case is in ensuring the parties' compliance with the dictate of the State Court Decision and Order that the Town, the ZBA, and the Planning Board perform all necessary reviews of the Glenacom Facility as required under the Town Code—that interest is more than adequately protected.[3]

---

[3] Proposed Intervenors represented to the Court that that they did not oppose the parties' request for relief from the Consent Order which would modify the terms to provide for a review process of the Glenacom Facility in accordance with the State Court Decision and Order. (Doc. 42). Proposed Intervenors, in reply, suggest that their acquiescence to that branch of the parties' application was based on Plaintiffs' comments concerning a different facility, and that Proposed Intervenors actually took no position related to the Glenacom Facility or Dixon Facility. (Doc. 49).

Enforcement of the Consent Order to the extent it conflicts with the State Court Decision and Order simply is not on the table. The Court granted the parties' request to modify the Consent Order so as to provide for necessary reviews of the Glenacom Facility, which comports with the Proposed Intervenors' interests. Their interests are therefore adequately represented.

Because the Court concludes the Proposed Intervenors have not established the fourth requirement, the Court need not address the other requirements for intervention as of right.

II.   Permissive Intervention

The Proposed Intervenors also move for permissive intervention. Rule 24(b) provides that "[o]n timely motion, the Court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). Permissive intervention lies within the Court's "broad discretion," *AT&T Corp. v. Sprint Corp.*, 407 F.3d 560, 561 (2d Cir. 2005), and in exercising that discretion, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights," Fed. R. Civ. P. 24(b)(3).

The Court, in exercising its broad discretion, declines to permit intervention under Rule 24(b). As set forth *supra*, the Proposed Intervenors' interests are aligned with Defendants' interests as regards the modification of the terms of the Consent Order. Moreover, this case has been closed for two and half years: the parties to the action already agreed to the terms of the Consent Order, and the concern for compliance with the State Court Decision and Order raised by the Proposed Intervenors is addressed by the modification directed by the Court. To the extent Proposed Intervenors seek intervention to unravel the Consent Order because they do not want the Glenacom Facility considered at all, their intervention would be prejudicial to the parties by delaying the resolution that was negotiated and agreed upon two and a half years ago. *See United States v.*

*Pitney Bowes, Inc.*, 25 F.3d 66, 72-73 (2d Cir. 1994) (noting that the Second Circuit has "observed that jeopardizing a settlement agreement causes prejudice to the existing parties to a lawsuit."). The Court has already once rejected Proposed Intervenors' efforts to vacate the Consent Order and the Court will not permit another bite at that apple under the circumstances presented.

## CONCLUSION

Based upon the foregoing, Proposed Intervenors' motion to intervene is denied.

                                  **SO ORDERED:**

Dated:   White Plains, New York
           October 20, 2022

_____
PHILIP M. HALPERN
United States District Judge